UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SANDY L. SNIDER,

        Plaintiff,                  Case No. 1:06-CV-211

v.                                 HON. GORDON J. QUIST

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court has before it Plaintiff's objections to the Magistrate Judge's Report and Recommendation issued on January 8, 2007. In his report and recommendation, the magistrate judge concluded that the Administrative Law Judge's (ALJ) determination that Plaintiff was not disabled because she could perform her past relevant work was supported by substantial evidence, and recommended that the Commissioner's decision to deny benefits be affirmed. The magistrate judge also concluded that the ALJ sufficiently addressed Plaintiff's mental impairments.

After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

In her objections, Plaintiff raises the same issues that were raised to the magistrate judge in her appeal of the ALJ's decision. Plaintiff contends that the ALJ's mental RFC assessment was improper and not supported by substantial evidence. Specifically, Plaintiff argues that Social Security Ruling (SSR) 96-8p requires an ALJ to prepare a function-by-function analysis of Plaintiff's mental impairments. As discussed by the magistrate judge, the Sixth Circuit has rejected this argument. *See Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547-48 (6th Cir. 2002) ("Although

a function-by-function analysis is desirable, SSR 96-8p does not require ALJs to produce such a detailed statement in writing . . . the ALJ need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record."). Therefore, the magistrate judge did not err in finding that the ALJ sufficiently addressed Plaintiff's mental impairments and that the ALJ's decision was supported by substantial evidence.

Plaintiff next objects to the magistrate judge's determination that the ALJ's failure to pose hypothetical questions reflecting specific mental impairments to the vocational expert did not warrant a remand. A vocational expert's testimony is not required at the fourth step when the ALJ determines that a claimant is not disabled and is able to perform their past relevant work. *See Banks v. Massanari*, 258 F.3d 820 (8th Cir. 2001). The ALJ here chose to rely, in part, on the vocational expert's testimony to determine whether Plaintiff could perform her past relevant work. Although the ALJ did not include Plaintiff's mental impairments in the hypotheticals, the vocational expert testified that Plaintiff's past relevant work was classified as light, unskilled work, which was consistent with the ALJ's finding that Plaintiff's mental impairments limited her to unskilled work. The magistrate judge did not err in concluding that a remand would serve no purpose. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 8, 2007 (docket no. 10), is **APPROVED AND ADOPTED** as the Opinion of this Court, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

Dated:  June 8, 2007                                     /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE